UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IRIS YETTER, on behalf of herself and all others similarly situated, | Civil Action No. 08-00186 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| BUY BUY BABY, INC., |  |
| Defendant. |  |

Plaintiff Iris Yetter ("Plaintiff"), individually and on behalf of all others similarly situated, hereby makes the following allegations against Buy Buy Baby, Inc. ("Defendant" or "Buy Buy Baby"), and states:

## NATURE OF THE CASE

1. The Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et. seq.* (the "FACTA") was passed in 2003 in an effort to protect consumers from the perils of identity theft. Specifically, *inter alia*, the FACTA prohibits businesses that accept payment via credit or debit card from disclosing more than the last five digits of a credit or debit card number and/or the card's expiration date on electronically printed receipts provided to consumers (the "Prohibited Information"). If followed, the FACTA deters identify theft by reducing an identity thief's access to and ability to obtain a consumer's valuable credit or debit card information. Plaintiff brings the following claim, individually and on behalf of all others similarly situated, to remedy Defendant's continuing, willful, and flagrant violation of the FACTA.

*2.* As described more fully below, despite having up to three years to become compliant with the FACTA's mandates, Defendant willfully and improperly includes the Prohibited Information on each electronically printed receipt it provides to consumers with whom it enters into a credit card or debit card transaction. This practice subjects Plaintiff, and other similarly situated consumers, to an increased risk of identity theft and deprives them of the intended benefits of the FACTA.

## PARTIES

3. Plaintiff is a resident of St. Petersburg, Florida, and is otherwise *sui juris*.

4. Defendant Buy Buy Baby is a Delaware corporation that is licensed to, and does, conduct business in the State of New York. Buy Buy Baby operates eight retail stores in New York, New Jersey, Maryland, and Virginia and sells, *inter alia*, nursery and children's furniture, including

cribs, dressers, armoires, gliders, crib mattresses, bedding and accessories. Buy Buy Baby is licensed to, and does, conduct business in this District.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the FACTA, which provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy...." 15 U.S.C. §1681(p). This Court also has jurisdiction under 28 U.S.C. §1331 and §1332.

6. Venue is proper in this Court because the acts arising to the claim asserted herein occurred in this District.

## CLASS ALLEGATIONS

7. Plaintiff brings this action on her own behalf and as a Class Action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All consumers who received an electronically printed credit card or debit card receipt from Buy Buy Baby, Inc., since December 4, 2006 that contained more than the last five digits of the consumer's credit card or debit card and/or the credit or debit card's expiration date.
>
> Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendant, and any respective parent, subsidiary and/or affiliated companies, directors and officers, and members of their immediate families.

8. The members of the Class are so numerous and geographically diverse, that joinder of all of them is impracticable. Plaintiff believes and therefore avers that Defendant has improperly included Prohibited Information on electronically printed credit and debit card receipts of thousands of customers since December 4, 2006.

9. The prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class

which would establish incompatible standards of conduct for Defendant; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

10. There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

(a) Whether Defendant's credit card and debit card receipts contain more than the last five digits of the consumer's credit or debit card number;

(b) Whether Defendant's credit card and debit card receipts contain the expiration date of the consumer's credit card or debit card;

(c) Whether Defendant's conduct constitutes a violation of the FACTA;

(d) Whether Plaintiff and the other members of the Class were damaged by Defendant's conduct and, if so, what is the proper measure of damages.

11. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

12. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff is committed to prosecuting this Class Action and has retained competent counsel experienced in litigation of this nature.

13. Plaintiff envisions no unusual difficulty in the management of this action as a Class Action. For all of the foregoing reasons, a Class Action is superior to the other available methods for the fair and efficient adjudication of this action.

**FACTUAL ALLEGATIONS**

**Background**

14.  Defendant's eight retail locations offer, *inter alia*, nursery and children's furniture, including cribs, dressers, armoires, gliders, crib mattresses, bedding and accessories, as well as other merchandise geared toward infants and toddlers.

15.  As part of its operations, Defendant accepts from its customers certain credit and debit cards for payment for its services. In transacting its business with persons such as Plaintiff and members of the Class, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions. It is Defendant's policy and practice to provide each of its customers with an electronically printed receipt for each transaction made by either credit card or debit card.

**The FACTA**

16.  The FACTA, signed into law on December 4, 2003, is designed, in part, to deter the growing problem of identity theft in the United States.

17.  Pertinent here, the FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g).

18.  The FACTA gave companies up to a generous three-year phase-in period with which to comply with its Prohibited Information mandates. This Prohibited Information provision of the FACTA became effective on December 4, 2006 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use before January 1, 2005.

19. All cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were first put into use on or after January 1, 2005 were required to be immediately compliant with 15 U.S.C. §1681c(g).

20. Notwithstanding that there was up to a three-year period within which to comply with the Prohibited Information provision of the FACTA, Defendant continues to issue electronically printed receipts to consumers that contain more than the last five digits of the consumer's credit card or debit card number and/or the consumer's credit card or debit card expiration date.

21. Defendant knew of, or should have known of, and was informed about the law, including specifically the FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (an consortium founded by VISA, MasterCard, Discover, American Express, and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about the FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

22. Despite Defendant's knowing, or reckless disregard of, the FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with the FACTA's requirements, Defendant willfully violated and continues to violate the FACTA's requirements by, *inter alia*, printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to members of the Class – persons with whom Defendant transacts business.

23. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt-printing process into compliance with the FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date on the electronically printed receipts provided to cardholders. Defendant could have readily done the same.

24. In contrast, Defendant willfully disregarded the FACTA's requirements and continues to include the Prohibited Information on each electronically printed receipt it provides to consumers with whom it enters into a credit card or debit card transaction.

25. Defendant willfully violated the FACTA in reckless disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the Class to an increased risk of identity theft and credit and/or debit card fraud.

26. As a result of Defendant's willful violation of the FACTA, Defendant is, *inter alia*, liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

**The Representative Plaintiff's Credit Card Receipt**

27. On November 3, 2007, Plaintiff frequented Defendant's 270 Seventh Avenue, New York, New York location and used her American Express credit card to pay Defendant for merchandise in the amount of $43.79.

28. After processing Plaintiff's credit card, Defendant provided Plaintiff with an electronically printed receipt evidencing the sale (the "Receipt").

29. Plaintiff's Receipt includes her credit card's expiration date, in clear violation of the FACTA.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and exhibited a grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSE OF ACTION

## COUNT I

### Violations of Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)

32. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 31.

33. Plaintiff brings this claim pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et seq.*

34. As described above, Defendant routinely violates the FACTA by providing its customers with electronically printed receipts for credit card and debit card purchases that contain more than the last five digits of the customer's card number and/or the card's expiration date.

35. Defendant willfully violates the FACTA, as described above.

36. Plaintiff and the Class are entitled to: (1) actual damages; (2) statutory damages; and (3) punitive damages.

37. Plaintiff has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class as defined herein, respectfully demands a trial by jury and prays for judgment as follows:

  A. Certifying that this civil action may be maintained as a Class Action by the named Plaintiff as representative of the Class and that Plaintiff's attorneys of record be designated as Class counsel;

  B. Awarding compensatory, statutory, punitive and other legal damages to Plaintiff and the Class;

  C. A permanent injunction enjoining Defendant from engaging in conduct in violation of the FACTA;

  D. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class, as allowed by law;

  E. Awarding attorneys' fees and costs to counsel for Plaintiff and the Class; and

  F. Granting such other and further relief as is just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED: January 9, 2008

COUGHLIN STOIA GELLER RUDMAN &
 ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


/Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

        COUGHLIN STOIA GELLER RUDMAN &
          ROBBINS LLP
        JACK REISE
        STEPHEN R. ASTLEY
        MICHAEL L. GREENWALD
        120 East Palmetto Park Road, Suite 500
        Boca Raton, FL  33432
        Telephone:  561/750-3000
        561/750-3364 (fax)

        Counsel for Plaintiff and the Proposed Class